# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**RUTH HATFIELD-BERMUDEZ, et al.**,

Plaintiffs,

      v.

**CIVIL NO. 01-2335 (HL/GAG)**

**CÉSAR REY HERNÁNDEZ, et al.**,

 Defendants.

## OPINION AND ORDER

Before the Court is defendants José Aldanondo ("Aldanondo") and Aida Berríos' ("Berríos") (jointly referred to as the "defendants") motion for judgment as a matter of law, requesting dismissal of plaintiff Ruth Hatfield-Bermúdez' §1983 political discrimination claims. *Motion for Judgment as a Matter of Law Pursuant to Fed. R. Civ. P. 50* (Docket No. 167). The defendants allege that at trial the plaintiffs failed to prove personal involvement, and that they are entitled to qualified immunity. Id., p. 2. In the alternative, defendants contend that a mistrial is warranted due to plaintiff counsel's conduct. Id.

While the Court is aware that reversal of a jury verdict is an extreme measure used in rare instances, the case at bar requires such action. Here, a careful review of the trial transcript reveals that plaintiff's evidence failed to establish that defendants knew of her political affiliation, and/or were personally involved in the decision not to award her the director's position she had previously held. See Vázquez-Valentín v. Santiago-Díaz, 385 F 3d. 23, 31 (1ST Cir. 2004). Consequently, the Court hereby **DISMISSES** Hatfield-Bermúdez' § 1983 political discrimination claim against Aladanondo and Berríos.

## I. PROCEDURAL BACKGROUND

Between August 18 and September 9, 2004, the Court held a jury trial in the captioned case, during which the plaintiff presented various testimonial and documentary evidence in support of her political discrimination action against the defendants. Upon conclusion of the plaintiff's case in chief, counsel for defendants moved to submit their case, stating that their evidence had essentially

**CIVIL NO. 01-2335 (HL/GAG)**          2

all been presented through direct and cross examination of the various witnesses. (Docket No. 161, p. 2). Thereafter, the plaintiff moved for a judgment as a matter of law, requesting dismissal the entire case. The Court heard oral arguments on the matter, and dismissed the plaintiff's due process claim (Docket No. 161, p. 57, 64), as well as the claims against co-defendants Rogelio Campos (Docket No. 160, p. 104-05), Cesar Rey-Hernández (Docket No. 160, p. 107-08), Santos Meléndez (Docket No 161, p. 38-42), Avelina Rivera (Docket No. 161, p. 56-57), and Margarita Gonzalez (Docket No. 161, p. 56-57). As a result, the only remaining causes of action were the plaintiff's § 1983 claim against Aldanondo and Berríos, which were ultimately submitted to the jury, who ruled in favor of plaintiff. Notwithstanding, the Court expressly allowed defendants to re-submit their Rule 50 request after the jury verdict, which is the matter at bar.

## II. STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 50 (a), judgment as a matter of law may be entered if "during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." See Russo v. Baxter Healthcare Corp., 140 F. 3d. 6 (1ST Cir. 1998). In reviewing a motion under Rule 50, all of the evidence and reasonable inferences drawn from the evidence must be considered in the light most favorable to the non-movant. Espada v. Lugo, 312 F. 3d. 1, 2 (1ST Cir. 2002). A mere scintilla of evidence is insufficient to defeat a Rule 50 motion, and the plaintiff "may not rely on conjecture or speculation to justify the submission of an issue to the jury." Russo, 140 F. 3d. at 8.

## III. LEGAL ANALYSIS

The defendants contend that the plaintiffs did not present any evidence, direct or circumstantial, from which a reasonable jury could make a finding that Aldanondo and Berríos knew Hatfield-Bermúdez' political affiliation. *Motion for Judgment*, p. 14-17 (Docket No. 167). The defendants further contend that the evidence presented at trial fails to establish both Aldanondo and Berríos' personal involvement in the alleged discriminatory conduct. Id., 19-23.

It is bedrock law that a party claiming to have been a victim of political discrimination bears the burden, under Section 1983, of establishing that she engaged in constitutionally protected

**CIVIL NO. 01-2335 (HL/GAG)**            3

conduct and that political affiliation was a substantial or motivating factor behind the challenged employment action. González-de-Blasini v. Family Dept., 377 F. 3d. 81, 85 (1ST Cir. 2004). Such a task necessarily entails a showing that the purported culprits of the discriminatory act knew, through direct or circumstantial evidence, of the plaintiff's political affiliation. Id. Failure to proffer sufficient evidence to that effect warrants outright dismissal. Id.

In the case at bar, the plaintiff, at trial, did not proffer any direct evidence as to Aldanondo and Berríos' knowledge of her political affiliation. In fact, both Aldanondo (Docket No. 159, p. 131-32) and Berríos (Docket No. 158, p. 114) testified that, at all relevant times, they were oblivious to Hatfield-Bermúdez' political affiliation. In addition, Berríos testified that she had only met Hatfield-Bermúdez on two occasions, the first coming at some point in the 1980's, and the second some time after, during which the plaintiff's political affiliation was not discussed. (Docket No. 158, p. 78, 113-14). Berríos also testified that in none of her meetings involving the adult education program was the plaintiff's political affiliation discussed. (Docket No. 157, p. 123-24). Moreover, Hatfield-Bermúdez also testified that she never discussed her political affiliation with Berríos, adding that she did not know of anyone that informed Berríos of this particular. (Docket No. 157, p. 94-95). Similarly, Hatfield-Bermúdez testified that, while she had met with Aldanondo on several occasions, her political affiliation was never discussed. (Docket No. 157, p. 86-87). Furthermore, in her opposition to the defendants' motion as a matter of law (Docket No. 171), Hatfield-Bermúdez does not even attempt to demonstrate how Aldanondo knew of her affiliation with the NPP.

In support of her claim, Hatfield-Bermúdez also relies on the assertion that she had previously held a position as a supervisor of the Adult Education Program ("AEP"), and on the alleged fact that all the AEP directors appointed by the previous NPP administration were not re-hired, as evidence of the defendants' knowledge of her political affiliation. *Opposition to Motion for Judgment as a Matter of Law*, p. 15. The Court, however, notes that no evidence was presented at trial that would indicate that the position of AEP supervisor was one of trust requiring a particular political affiliation. Moreover, Hatfield-Bermúdez' allegation that all the NPP-affiliated AEP directors in the Caguas region were not awarded a position in the same school as during the NPP

**CIVIL NO. 01-2335 (HL/GAG)**          4

administration is equally unsupported. No evidence whatsoever as to these other referenced directors was presented at trial. Vázquez-Valentín , 385 F 3d. at 38 (1ST Cir. 2004) ("[plaintiffs] have failed to provide names or other specific factual information supporting their claim that the Municipality replaced them with new hires from the PDP") (citing Figueroa-Serrano v. Ramos-Alverio, 221 F. 3d. 1, 4 (1ST Cir. 2000)). Absent such evidence, discriminatory motive may not be circumstantially inferred. See Kauffman v. P.R. Tel. Co., 841 F. 2d. 1169, 1172 n. 5 (1ST Cir. 1988).

Additionally, the Court opines that the evidence adduced at trial would not permit a reasonable jury to conclude that Aldanondo and Berríos were personally involved in the allegedly discriminatory acts set forth by the plaintiff. At trial, Hatfield-Bermúdez did not present any evidence as to Aldanondo's personal involvement in the alleged discriminatory acts. In fact, the plaintiff altogether failed to proffer any such argument in her opposition to the Rule 50 motion at bar (Docket No. 171). In fact, the only related testimony is Aldanondo's denial of any involvement whatsoever. (Docket No. 159, p. 131-32). Without such evidence, the Court cannot conclude that the verdict should stand in light of the Rule 50 standard of review since the jury did not have before it an essential element to the plaintiff's § 1983 cause of action.

Furthermore, the Court finds that evidence of personal involvement is equally lacking against Berríos. As the record stands, the only evidence presented at trial as to Berríos is that she prepared the written and oral questions administered to the applicants, and that she named Margarita González ("González") as one of the three members of the evaluating committee, who, at trial, did not testify that Berríos was in any way involved in the committee's dealings. (Docket No. 158, p. 14, 97; Docket No. 160, p. 60-82).

In light of the above, the Court concludes that the § 1983 claims against Aldanondo and Berríos should be dismissed as the plaintiff failed to present evidence, direct or circumstantial, to the effect that defendants discriminated against her politically, and/or were personally involved in the decision not to grant her request to maintain her post at her school of choice. Consequently, pursuant to Vázquez-Valentín, 385 F 3d. at 31, the Court finds that reversal of the jury verdict is warranted, and **DISMISSAL** of Hatfield-Bermúdez' § 1983 claims must be entered.

**CIVIL NO. 01-2335 (HL/GAG)**          5

The Court, however, notes that in their present Rule 50 motion, defendants do not move for judgment as to plaintiff's tort claim under Article 1802 of the Puerto Rico Civil Code. Accordingly, the jury's verdict in plaintiff's favor as to this claim in the amount of $40,000.00 stands as to defendants Aldanondo and Berríos. The Court, in its discretion under 28 U.S.C. § 1367, maintains jurisdiction over this claim, which has already been tried.

Notwithstanding, the Court finds itself compelled to declare a mistrial given attorney González' comments during trial, mainly during closing argument. The repeated comments, despite the Court's instructions to the jury, injected counsel's personal and emotional overplay into the case. In addition, the comments suggested that counsel for defendants was hiding evidence from the Court and jury, while he did not engage in such practice. This constitutes plain error, and requires the vacating of the jury's verdict as to the Article 1802 claim, as well as a new trial on said claim. See, e.g., Suárez-Matos v. Ashford Presbyterian Hospital, 4 F. 3d. 47, 50-51 (1ST Cir. 1993).

### IV. CONCLUSION

**WHEREFORE**, the Court hereby **GRANTS** the defendants' *Motion for Judgment as a Matter of Law Pursuant to Fed. R. Civ. P. 50* (Docket No. 167), and accordingly **DISMISSES** the plaintiffs' § 1983 claim, as well as the corresponding compensatory and punitive damages awards. In addition, the Court **GRANTS** defendants request for a mistrial as to the remaining state law tort claim. A new trial as to plaintiff's Article 1802 claim shall be set forthwith.

**IT IS SO ORDERED**

**Date: May 3, 2005**                    **S/ Gustavo A. Gelpí**
                                         **GUSTAVO A. GELPÍ**
                                         **U.S. Magistrate Judge**